IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL E. DAYMOND, | ] |
| Plaintiff, | ] |
| v. | ] 2:11-cv-1199-KOB |
| ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES DEPARTMENT OF JUSTICE | ] |
| Defendants. | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's "Motion for Reconsideration and Relief from Final Judgment under Fed. R. Civ. P. 60(b)." (Doc. 47). Plaintiff Paul E. Daymond brought this employment discrimination suit against Defendant Eric H. Holder, Jr. in his official capacity as Attorney General of the United States Department of Justice (Federal Bureau of Investigation). The court granted Defendant's motion for summary judgment in its entirety and the clerk closed the case. Plaintiff now moves for relief from the judgment under Rule 60(b) based on newly discovered evidence and an intervening change in controlling law.

For the following reasons, the court will DENY the motion.

### I.   BACKGROUND

On April 8, 2011, Plaintiff Paul E. Daymond, an employee of the Birmingham Division of the FBI, filed suit against Defendant Eric H. Holder, Jr. in his official capacity as Attorney General of the United States Department of Justice (Federal Bureau of Investigation). (Doc. 1).

Defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (doc. 5) and Plaintiff's response included 16 evidentiary exhibits (docs. 14-27). After full briefing and a hearing on the matter, the court granted the motion to dismiss, dismissing the motion without prejudice and giving Plaintiff leave to amend his complaint (doc. 35).

On March 20, 2012, Plaintiff filed an Amended Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Age Discrimination and Employment Act of 1967 (Pub. L. 90-202), as amended, but the complaint did not actually state a claim under the ADEA in any one of the ten counts listed. All ten counts alleged retaliation under 42 U.S.C. § 2000e-3(a), claiming that the Defendant violated the anti-retaliation provisions of Title VII. (Doc. 37).

On May 4, 2012, Defendant filed another Motion to Dismiss, or in the Alternative, for Summary Judgment. (Doc. 40). Plaintiff responded to the motion, addressing *both* the Rule 12 and Rule 56 standards and arguing that Mr. Daymond established a genuine issue of material fact—the summary judgment standard—at various points in the brief. (Doc. 43). The Defendant replied (doc. 44) and on September 5, 2012, the court entered a Memorandum Opinion (doc. 45) and Order (doc. 46) granting the motion for summary judgment and dismissing the case with prejudice.

In the Memorandum Opinion, the court found that "[b]ecause such a substantial record exists from the extensive administrative proceedings, this court will consider the motion for summary judgment at this time." (Doc. 45, at 10). In making this determination, the court noted that "the parties have engaged in an exhaustive FEBI EEO proceeding related to this case" and that both parties had submitted evidentiary submissions in connection with the first "Motion to

Dismiss or in the Alternative, for Summary Judgment" (docs. 6 & 13-27).

In ruling on the motion, the court addressed whether Mr. Daymond had established a prima facie case of retaliation—the legal theory under which each of his ten counts fell. Although it determined that he had sufficiently demonstrated that he had engaged in statutorily protected conduct and suffered an adverse employment action, it found that he had failed to meet the third element requiring proof of causation. Specifically, it found that the piece of evidence on which Mr. Daymond relied to make the causal connection—Mr. Haley's Signed Sworn Statement ("SSS")—actually worked "against Mr. Daymond's claims by illustrating a concrete and legitimate reason for Mr. Daymond's claimed adverse employment action." (Doc. 45, at 17).

The court also found that even if Plaintiff were able to present genuine issues of material fact on all elements of the prima facie case of retaliation, the Defendant proffered a legitimate, non-discriminatory reason to justify the adverse employment actions and Plaintiff failed to create a genuine issue of material fact of any pretext. (Doc. 45, at 18).

## II.     STANDARD OF REVIEW

Plaintiff argues that he is entitled to relief under Rule 60(b)(2) based on newly discovered evidence. Rule 60(b)(2) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The Eleventh Circuit has laid out a five-part test that a movant must meet to obtain relief on these grounds. First, "the evidence must be newly discovered since the trial;" second, "due diligence on the part of the movant to discover the new evidence must be shown;" third, "the evidence

must not be merely cumulative or impeaching;" fourth, "evidence must be material;" and fifth, "the evidence must be such that a new trial would probably produce a new result." *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). Because "[f]inality is a virtue in the law," a Rule 60(b)(2) motion "is an extraordinary motion and the requirements of the rule must be strictly met." *Id*.

Plaintiff also argues that the court should grant relief because of an intervening change in controlling law. Although Rule 60 does not specifically allow for relief on this basis, the Eleventh Circuit has recognized that such an argument would fall within the "catch-all" provision of Rule 60(b)(6). *See Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996); *see also Harilal v. Carnival Corp.*, No. 08-20366-CIV, 2010 WL 3834224, at *2-3 (S.D. Fla. Sept. 30, 2010). In recognizing an intervening change in controlling law as a Rule 60(b)(6) basis for relief from a final judgment, however, the Court noted that "[s]omething more than a 'mere' change in the law is necessary." *Booker*, 90 F.3d at 442 (quoting *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir.), *cert. denied*, 483 U.S. 1010 (1987)). "In addition to citing a change in the law, a Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Id*.

Finally, when evaluating any type of Rule 60(b) motion, "the court takes as true the movant's factual assertions." *Harduvel v. Gen. Dynamics Corp.*, 801 F. Supp. 597, 604 (M.D. Fla. 1992) (citing *Kerwitt Med. Products v. N & H Instruments*, 616 F.2d 833, 836 (5th Cir. 1980)).

### III. DISCUSSION

#### A. Rule 60(b)(2)

The allegedly new evidence that Mr. Daymond presents to the court includes the March 14, 2013 deposition of ASAC Robert Haley and the November 7, 2012 deposition of SAS Felicia Harris, which were both taken as part of a separate case, as well as the January 2009 sworn statements of ASAC Regan and Haley, which were not received by Mr. Daymond's counsel until January of 2013, also in connection with the separate case. The court will evaluate this evidence in light of the five prongs that the Eleventh Circuit has laid out for evaluating a Rule 60(b)(2) motion.

First, the evidence must be newly discovered since the time of the final resolution of the case. In *FMT Corp., Inc. v. Nissei ASB Co.*, the court found that deposition evidence was not newly discovered when "[t]he defendant was aware of the existence of [the deposed individual], and the substance of his knowledge . . ." during the original resolution of the case. *FMT Corp.*, No. 1:90-CV-786-GET, 1995 WL 478853, at *1 (N.D. Ga. May 5, 1995). The court continued to explain that "[t]he fact that defendant was unable to procure [the deposed individual]'s cooperation and testimony in the trial of its case does not make his subsequent testimony in a related case 'newly discovered' evidence under Rule 60(b)(2)."

Here, although the deposition transcripts themselves could not have been discovered prior to the date of the court's ruling in September 2012, the information contained in them *could* have been discovered. ASAC Robert Haley was one of Mr. Daymond's superiors, was one of the individuals that Mr. Daymond claimed exhibited "retaliatory animus," and was a key figure in the complaint. (Doc. 37, at 4). SAS Felicia Harris was not mentioned in the complaint, but she

had been working in the Birmingham FBI office for twelve years according to her deposition, and was present at the same management retreat meeting as Mr. Daymond on September 24, 2009. (Doc. 47-8, at 8, 46). Mr. Daymond should have known that both individuals were potential sources of information about his case and his attorney should have deposed both individuals prior to the summary judgment decision.

The same analysis applies to the sworn statements, as well; regardless whether Plaintiff and his counsel had possession of the sworn statements prior to the September 2012 ruling, they could have gotten information from ASAC Haley and ASAC Regan by deposing them. ASAC Charles Regan had been working in Birmingham since 2005 and appears, based on his sworn statement, to be an upper level supervisor in that office. (Doc. 47-7, at 2). Although the evidence before the court does not show exactly what his relationship with Mr. Daymond was like, Mr. Daymond should have been aware that ASAC Regan would have pertinent information related to his case.

The second prong of the test is that the movant must show that he exhibited due diligence to discover the new evidence. This inquiry is about *why* the moving party did not have the evidence at the time of the original resolution of the case. *Kissinger-Campbell v. C. Randall Harrell, M.D., P.A.*, 418 F. App'x 797, 805 (11th Cir. 2011) (citing 11 Wright, Miller & Kane, Federal Practice and Procedure, Civil § 2859 (2010)). The Eleventh Circuit has held that "the failure to locate a witness prior to trial, whom the movant later argues was important to the case, will be treated as a lack of due diligence." *Id*. Applying this principle to the situation in *Kissinger-Campbell*, the Eleventh Circuit explained**:**

[Defendant] was aware of the Medi-Weight claim no later than April, 2008 and

> very familiar with Dr. Zbella's position in the practice. He could easily have
> deposed Zbella and discovered the identity of Sharon DeLuca. Defendants offer
> no convincing argument that they were unable to obtain the testimony in question
> from Zbella or DeLuca at trial. Their argument that they were not on notice that
> this testimony was important is unpersuasive. Also unpersuasive is their argument
> that they showed diligence by attempting to subpoena Zbella during trial. Simply
> put, Defendants could have (and potentially should have) procured before or
> during trial the testimony that they now seek to present. They failed to do so.

*Id.*

In this case, the due diligence analysis is very similar to the new evidence analysis. The reasons the court has discussed for why the "new evidence" should not be considered new—Mr. Daymond's awareness of the individuals and their potential as sources of information—serve even more strongly as reasons why Mr. Daymond has not shown due diligence, even if the evidence were new. All that was required for Mr. Daymond to obtain the information he now seeks to introduce was for him to depose three individuals. He even acknowledges that "Plaintiff would have obtained this information and potentially other relevant information, given the benefit of discovery . . . ." (Doc. 56, at 2).

Although Mr. Daymond does not directly argue that he was unjustly prevented from completing discovery, he implies that his inability to complete discovery was outside of his control. That is not the case. Mr. Daymond and his attorney could have protested the consideration of the case for summary judgment at such an early stage, but they did not. The Eleventh Circuit has noted that "[t]he availability of a continuance is built into the rules to guard against the premature entry of summary judgment." *Reynolds v. Potter*, 178 F. App'x 998, 999 (11th Cir. 2006) (quoting *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989)). Rule 56(d) allows the court to defer considering the motion—or deny it—if the nonmovant "present[s] an

7

affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." *Id*.

Mr. Daymond did not invoke Rule 56(d) in responding to Defendants' motion. Not only did Defendants' motion give him notice that the court was being asked to apply the summary judgment standards, but Plaintiff's brief itself actually set out the summary judgment standard and made summary judgment arguments. At an even earlier stage in the case, Plaintiff had submitted evidence for the court's consideration, a practice that is only permissible in the summary judgment analysis, not in the motion to dismiss analysis. Not once did Mr. Daymond or his counsel argue that the summary judgment decision was premature or that they lacked necessary information that would be obtained during discovery. As such, they did not perform their due diligence and cannot now argue that the case should be reopened to allow the consideration of "new" evidence that could have been gathered before the case was decided.

Mr. Daymond does argue that the FBI should have produced the sworn statements in response to a discovery request seeking "documents relating to SAC Adams disciplinary, investigative or other files, including any and all statements given during the investigation of retaliation." (Doc. 56, at 3). The court cannot determine the context in which this request was made from the briefs, as Plaintiff asserts that he made this request one year *prior* to the filing of the complaint in this case. Regardless, Mr. Daymond still could have gotten any necessary information from ASAC Haley or ASAC Regan by deposing them.

Because the first two prongs conclusively establish that Mr. Daymond is not entitled to relief under Rule 60(b)(2), the court need only briefly address the last three prongs. The third,

8

fourth, and fifth prongs of the test all address the substance of the evidence and the merits of the case. The court is convinced that the Plaintiff would ultimately fail on these grounds, as well. The fifth prong, in particular, requires that the evidence would likely result in a new decision by the court. The court's decision in its summary judgment opinion rested on Plaintiff's inability to create a genuine issue of material fact as to the causation and pretext elements of the retaliation claim. The "new" evidence that Mr. Daymond presents does not fill in these deficiencies and would not change the outcome of the court's ruling.

Not only does the "new" evidence relate almost exclusively to Mr. Odom—who is *not* the plaintiff in this case—but it does not necessarily establish causation, even for him. The links that Plaintiff attempts to make by making "trust issues" synonymous with Title VII activity are tenuous at best and do not establish causation, particularly under the high standard with which they must be evaluated on a Rule 60(b)(2) motion. Furthermore, Plaintiff's argument about some of ASAC Haley's statements being contradictory—even if true—would merely be impeaching evidence that would not be sufficient under the third prong of the test.

Because Mr. Daymond fails to meet the requirements of the five-prong test under Rule 60(b)(2), the court will DENY his motion for relief on that basis.

**B.     Rule 60(b)(6)**

Plaintiff argues that he is entitle to relief based on an intervening change in controlling law, which, as already noted, falls under the purview of Rule 60(b)(6). Plaintiff's claim fails for a number of reasons. First, the case that he claims is "intervening," *Gowski v. Peake*, 682 F.3d 1299 (2012), was issued by the Eleventh Circuit in June 2012, three months *prior* to this court's ruling on the motion for summary judgment. Although the briefs on the motion were already

under submission at the time, the Plaintiff could have brought the new case to this court's attention, but he failed to do so.

Plaintiff's argument also fails under the substantive standard for relief based on an intervening change of law. In the Eleventh Circuit, obtaining relief on this basis requires "[s]omething more than a 'mere' change in the law." *Booker*, 90 F.3d at 442 (quoting *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir.), *cert. denied*, 483 U.S. 1010 (1987)). To succeed, " a Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief." *Id*.

In *Ritter v. Smith*, the Court affirmed a district court's decision to grant Rule 60(b)(6) relief based on an intervening change of controlling law, where the law had changed by the Supreme Court of the United States affirming the decision of the Alabama Supreme Court in a state suit involving the same parties and facts as the federal suit. 811 F.2d 1398 (11th Cir.), *cert. denied*, 483 U.S. 1010 (1987). After noting that a change in law alone was insufficient to justify relief, the Court examined several factors that persuaded it that the circumstances were "sufficiently extraordinary to warrant relief." *Id*. at 1401. These factors included whether the "previous, erroneous judgment" had been executed; the amount of delay between the final judgment and the motion for Rule 60(b)(6) relief; whether a connection existed between the case with the final judgment and the case making the new law, such that the new law was "rendered expressly to resolve a conflict" involving the earlier decision or the two cases arose out of the same transaction; and whether comity required the relief because of a conflict with a state court judgment. *Id*. at 1401-03. These factors fail to warrant relief here.

In *Harilal v. Carnival Corp*., the Southern District of Florida used the factors discussed in

*Ritter* to evaluate a Rule 60(b)(6) motion. No. 08-20366-CIV, 2010 WL 3834224, *3 (S.D. Fla. Sept. 30, 2010). This court will do likewise. As to the first factor—execution of the judgment—the court finds that granting the summary judgment motion did not require "execution" in any significant respect that would prejudice the parties if the case were reopened. As to the second factor—delay—the court notes that Plaintiff did not raise his objections until well over a year after the Eleventh Circuit issued the *Gowski* opinion.

The third factor looks to whether the law changed specifically in response to the final judgment from which a party seeks relief. Such a circumstances is not the case here. The facts in *Gowski* are in no way related to the facts in this case and the decision in *Gowski* was not in response to the decision in this case. Furthermore, in examining the fourth factor, the court notes that no state court case or ruling exists that would present extraordinary circumstances and require relief in the name of comity. Overall, the court considers the first *Ritter* factor to have very little effect on its decision; however, the final three factors weigh heavily against granting relief under Rule 60(b)(6).

In addition to not showing extraordinary circumstances akin to those in *Ritter*, Mr. Daymond does not actually argue that any extraordinary circumstances exist in his case at all. In his brief, Mr. Daymond cites a Middle District of Alabama decision that notes that an intervening change in controlling law is one of the potential grounds for a motion to reconsider, then leaps right into an analysis of *Gowski* and how that law should be applied to his circumstances. (Doc. 47, at 21-22).

Finally, the substantive change in the law that *Gowski* rendered was the new recognition of a cause of action for retaliatory hostile work environment. Mr. Daymond did not claim

11

retaliatory hostile work environment in his original complaint or in his amended complaint, and he never attempted to amend his complaint to add such a claim—an action he could have requested to make after the June 2012 decision of the Eleventh Circuit and before the September 2012 ruling of this court. As such, the "change in law" brought about by *Gowski* would not actually have had any effect on this court's evaluation of Mr. Daymond's claims when ruling on the motion to dismiss.

Because *Gowski* pre-dated this court's ruling and, therefore, is not "intervening law," because Plaintiff has not pointed the court to any extraordinary circumstances beyond a mere change of law that justify relief and the court cannot find any extraordinary circumstances from its own independent inquiry, and because the new law in *Gowski* would not have changed the court's decision on the existing complaint, the court determines that Mr. Daymond is not entitled to relief under Rule 60(b)(6).

### C. Rule 60(b)(1)

Plaintiff also cites Rule 60(b)(1) in his motion, but, as noted by the Defendant, does not make any arguments as to why he is entitled to relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because the Plaintiff has failed to develop this argument—and because the court does not see any meritorious argument to be made under this section of the rule—the court will not discuss Rule 60(b)(1) any further.

IV.     CONCLUSION

For these reasons, the court will DENY Plaintiff's motion for relief from the final judgment. This case will remain closed.

DONE and ORDERED this 6th day of March, 2014.

                                                            KARON OWEN BOWDRE
                                                            CHIEF UNITED STATES DISTRICT JUDGE